

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALOMAR MEDICAL CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services,<br><br>Defendant. | CASE NO. 09cv605 BEN (NLS)<br><br>**ORDER DENYING MOTION TO STAY**<br><br>[Dkt. No. 44] |

## INTRODUCTION

Plaintiff Palomar Medical Center moves to stay this action until a related case concludes, *Palomar Medical Center v. Department of Health and Human Services*, Case No. 10cv1252 BEN (NLS). Palomar brought the second action against the Department of Health and Human Services under the Freedom of Information Act (FOIA). The Secretary opposes staying the case. Dkt. No. 45.

## BACKGROUND

Plaintiff filed this action on March 24, 2009 challenging the reopening of a Medicare claim. On August 10, 2009 the parties filed a joint motion to vacate the early neutral evaluation conference and requested a briefing schedule for cross motions for summary judgment. The parties agreed the "matter [would] be decided by the Court based upon briefing by the parties and review of the administrative record" and that the "case [was] exempt from the discovery requirements of Federal Rules of Civil Procedure 26(a) and 26(f)." Dkt. No. 16.

Cross motions were filed and briefed with a few continuances and supplemental briefing. The Magistrate Judge issued her Report and Recommendation on May 11, 2010. She recommended denying Palomar's motion for summary judgment and granting the Secretary's cross motion for summary judgment. Palomar filed Objections on May 26, 2010 and the Secretary filed her Reply on June 2, 2010.

On June 11, 2010 Palomar filed another case, *Palomar Medical Center v. Department of Health and Human Services*, Case No. 10cv1252 BEN (NLS), alleging that the Secretary intentionally withheld records requested under the FOIA on October 8, 2009 relating to the good cause standard for reopening a Medicare claim. Palomar filed the instant motion on June 18, 2010, seeking a stay of this case until 120 days after the conclusion of the FOIA case.

## DISCUSSION

The trial court has inherent authority to control its own docket and calendar, including the issuance of stay when appropriate. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). But, "if there is even a fair possibility that the stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis*, 299 U.S. at 255). "If a stay is especially long or its term is indefinite, we require a greater showing to justify it." *Young v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (reversing stay imposed until the resolution of an appeal that might be lengthy). "[A] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Dependable Highway*, 498 F.3d at 1066 (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)).

The Court finds that the stay will work damage to the Secretary, requiring Palomar show hardship or inequity justifying the stay. Additionally, because the Court finds that the stay requested is lengthy and indefinite, Palomar must make a more convincing showing to justify the stay.

///

///

A stay may prejudice the Secretary. The parties agreed the case would be resolved on the administrative record through cross motions for summary judgment. The Secretary has litigated this case on those terms while Palomar now seeks discovery in a companion case. Delaying the case on this basis is prejudicial to the Secretary's interest in the efficient resolution of the case.

The stay requested is lengthy and its term is indefinite. While the Court has some control over the progression of the FOIA case, it was just recently filed and its conclusion unknown. Palomar's request to stay for 120 days after the conclusion of the FOIA case does not make the length of the stay any less indefinite. If anything, an additional four month delay under these circumstances is unreasonable. Because the stay requested is lengthy and its term indefinite, a greater showing of hardship or inequity is required.

Palomar has not shown hardship or inequity in proceeding. Palomar filed the relevant FOIA claim on October 7, 2009 and by its own account the request was constructively denied on October 28, 2009. Then, Palomar waited almost eight months before filing this motion, the first and only indicator that anything other than the administrative record might be relevant. Quite the contrary, during the intervening eight months the case was fully briefed on the terms the parties agreed to, a Report and Recommendation was issued (unfavorable to Palomar's position), and objections and reply to the objections were filed. There is no inequity in deciding the case on the terms Palomar agreed to.

## CONCLUSION

Palomar's request to stay the case is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 28, 2010

Hon. Roger T. Benitez
United States District Court Judge