FILED

2010 JUL 28   PM 2:43

CLERK US DIST...
SOUTHERN DISTRICT OF CALIF...

BY_____**KNH**_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALOMAR MEDICAL CENTER,<br><br>                                  Plaintiff,<br><br>   vs.<br><br><br>KATHLEEN SEBELIUS, Secretary of the<br>United States Department of Health and<br>Human Services,<br><br>                                Defendant. | CASE NO. 09cv605 BEN (NLS)<br><br>**ORDER ADOPTING REPORT**<br>**AND RECOMMENDATION**<br>**DENYING PLAINTIFF'S MOTION**<br>**FOR SUMMARY JUDGMENT**<br>**AND GRANTING DEFENDANT'S**<br>**CROSS MOTION FOR SUMMARY**<br>**JUDGMENT**<br><br>[Dkt. Nos. 19, 24, 37] |

## INTRODUCTION

Plaintiff Palomar Medical Center brought this action challenging the reopening of a Medicare claim. The case was referred to Magistrate Judge Nita L. Stormes for Report and Recommendation. Dkt. No. 14. Cross motions for summary judgment were filed and briefed. Dkt. Nos. 19, 24. Judge Stormes issued a thoughtful and thorough Report and Recommendation recommending Palomar's motion for summary judgment be denied and the Secretary's motion for summary judgment be granted. Dkt. No. 37. Palomar filed objections and Defendant Kathleen Sebelius, as Secretary of the Department of Health and Human Services, filed a reply to the objections. Dkt. Nos. 38-39.

///

09cv605

1    A district judge "may accept, reject, or modify the recommended disposition" of a

2    Magistrate Judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C.

3    §636(b)(1). "[T]he district judge must determine de novo any part of the [report and

4    recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3). Having

5    reviewed the matter de novo, considered Palomar's objections and for the reasons that follow, the

6    Report is **ADOPTED** in its entirety. Palomar's motion for summary judgment is **DENIED** and

7    the Secretary's motion for summary judgment is **GRANTED**.

8                                          **BACKGROUND**

9         The Report accurately outlines the Medicare claims process and review, including the use

10   of fiscal intermediaries ("FI") to make initial determinations on claims and the appeals process of

11   that determination through a Qualified Independent Contractor ("QIC"), Administrative Law Judge

12   ("ALJ"), and the Medicare Appeals Council ("MAC"). Similarly, the Report accurately describes

13   the three-year demonstration program (March 2005 to March 2008), since made permanent, by

14   Congress that directed the Secretary to use Recovery Audit Contractors ("RAC") to detect and

15   correct improper Medicare payments.

16        Palomar was subject to a RAC review for services rendered to John Doe and notified it had

17   been overpaid $7,992.92. Palomar appealed the overpayment through three levels of appeal:

18   redetermination by FI, reconsideration by the QIC, and a hearing before the ALJ. At each level the

19   services provided were not found medically necessary. However, the ALJ, while agreeing the

20   services rendered were not medically necessary, found the RAC had not established good cause to

21   reopen the claim and found the reopening procedurally invalid. On that basis, the ALJ found

22   Palomar was entitled to the overpayment. The MAC reviewed the ALJ's decision and found that

23   neither the ALJ nor the MAC had jurisdiction to review the reopening because the decision to

24   reopen is final and not subject to appeal under 42 C.F.R. §§ 405.980(a)(5) and 405.926(l). The

25   MAC affirmed the ALJ's finding that the services were not medically necessary and reversed the

26   ALJ's finding on good cause for lack of jurisdiction to consider it.

27   ///

28   ///

**DISCUSSION**

Palomar challenges the MAC's determination that the RAC's reopening was not appealable, argues the reopening was procedurally invalid, asserts it has been deprived of due process, and claims this Court has jurisdiction to evaluate whether good cause existed to reopen the claim. The Secretary argues the plain language of the regulations dictates that a decision to reopen a claim is final and not subject to appeal.

**I.     Standard of Review**

The parties dispute what level of deference this Court should give to the Secretary's interpretation of her regulations. The Court agrees with the Report's finding that the Court must defer to the Secretary's interpretation under *Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc.*, 467 U.S. 837 (1984) and *Thomas Jefferson University v. Shalala*, 512 U.S. 504 (1994). "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation [and] [s]uch legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron*, 467 U.S. at 843-44. The courts "must defer to the Secretary's interpretation unless an 'alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation.'" *Thomas Jefferson*, 512 U.S. at 512 (quoting *Gardebring v. Jenkins*, 485 U.S. 415, 430 (1988)); *see also Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 453 (deferring to an agency interpretation of a statute concerning reopenings under Medicare).

By statute, Congress specifically gave the Secretary authority to craft regulations concerning reopening or revising an initial determination and the crafted regulations are consistent with the statute. "The Secretary may reopen or revise any initial determination or reconsidered determination described in this subsection under guidelines established by the Secretary in regulations." 42 U.S.C. 1395ff(b)(1)(G). Congress entrusted the Secretary with establishing regulations concerning reopening and the Secretary promulgated regulations that clearly and explicitly barred review of the reopening decisions through appeal.

///

- 3 -

## II. Reopening of Palomar's Claim is Not Subject to Appeal

The regulations established by the Secretary allow a contractor to reopen a claim for any reason within the first year and for good cause within the first four years. 42 C.F.R. § 405.980(b). But, the decision to reopen is not appealable. Two regulations state that the decision to reopen is not subject to appeal. "Actions that are not initial determinations and are not appealable under this subpart include, . . . [a] contractor's, QIC's, ALJ's, or MAC's determination or decision to reopen or not to reopen an initial determination, redetermination, reconsideration, hearing decision, or review decision." 42 C.F.R. § 405.926(l). "The contractor's, QIC's, ALJ's, or MAC's decision on whether to reopen is binding and not subject to appeal." 42 C.F.R. § 405.980(a)(5). Here, the contractor decided to reopen and under §§ 405.926(l) and 405.980(a)(5) that decision is not subject to appeal.

Palomar would have the Court read the regulations as meaning the decision to reopen is not subject to appeal, but the ALJ could consider the reopening decision. This is not only inconsistent with the regulations, it contradicts the regulations. The ALJ's review is part of the appeal process and follows from an unfavorable determination by the QIC. The Court agrees with the Report's conclusion that Palomar cannot circumvent the regulations and the Secretary's interpretation of them by allowing an ALJ to consider a decision that is not subject to appeal under the plain language of the regulation.

Palomar essentially asks this Court to make a policy decision, that providers should have the right to appeal a decision to reopen for good cause if it is presented before an ALJ, despite regulations that explicitly say providers do not have a right to appeal the decision. That is not the Court's role, particularly when the agency's interpretation is entitled to deference. To the extent any interpretation is necessary to find that review of a reopening decision is not available when the regulation says a reopening decision is binding and not subject to appeal, this Court defers to the Secretary's interpretation.

///

///

///

- 4 -

1   Similarly, the Court agrees with the Report's finding that the Secretary's interpretation is

2   consistent with the plain language of the regulations and the Secretary's intent when the

3   regulations were promulgated. *Thomas Jefferson*, 512 U.S. at 512 (finding the courts "must defer

4   to the Secretary's interpretation unless an alternative reading is compelled by the regulation's plain

5   language or by other indications of the Secretary's intent at the time of the regulation's

6   promulgation."). As noted in the Report, in response to a comment, during the notice and

7   comment process, requesting an enforcement provision for the good cause standard, the agency

8   indicated the good cause standard would be enforced on the contractors through audits and

9   evaluations of the contractor's performance. 70 Fed. Reg. 11420, 11453 (Mar. 8, 2005).

10  **III.    Due Process**

11  The Court agrees with the Report's finding that Palomar has not been deprived of due

12  process. The regulations do not provide a right to appeal a decision to reopen, but Palomar has

13  layers of appeal through which it may challenge the determination that results from a reopening.

14  Moreover, Palomar has not demonstrated any independent constitutional right to enforcement of

15  the good cause standard which the Secretary imposes upon its contractors through regulations. *See*

16  *Hosp. Comm. For Livermore-Pleasanton Areas v. Johnson*, 2010 WL 1222764, at *25 (N.D. Cal.

17  2010) (noting that the Secretary could have enacted a four-year period without a good cause

18  requirement without offending due process).

19  **IV.    Merits of the Reopening**

20  Finally, the Court agrees with the Report's finding that this Court cannot evaluate the

21  merits of Palomar's good cause challenge. This Court does not have jurisdiction to consider the

22  merits of Palomar's challenge to the reopening because it is not appealable under the plain

23  language of the regulations and the Secretary's interpretation, to which the Court must give

24  deference. This Court does not have jurisdiction to consider an issue the MAC correctly found it

25  lacked jurisdiction to consider under the regulations. *See Loma Linda Univ. Med. Ctr. v. Leavitt*,

26  492 F.3d 1065, 1074 (9th Cir. 2007) (finding a decision based on lack of jurisdiction is not a final

27  decision ripe for judicial review).

28  ///

09cv605

**CONCLUSION**

The Report and Recommendation is **ADOPTED**. Palomar's motion for summary judgment is **DENIED** with prejudice and the Secretary's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

DATED: July 28, 2010

Hon. Roger T. Benitez
United States District Court Judge

- 6 -

09cv605